13-4526 dmw 1/20/14

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

NPR Capital, LLC
National Payment Relief, LLC
512 Pennsylvania Avenue
Fort Washington, PA 19034

    Plaintiff

vs.

Angela P. Robinson
2601 Natchez Avnenue
Cleveland, OH 44109

John Doe, Real Name Unknown,
The Unknown Spouse, If Any,
of Angela P. Robinson
2601 Natchez Avnenue
Cleveland, OH 44109

Cuyahoga County, Ohio Department of Development
1701 East 12th Street 1st Floor
Cleveland, OH 44114

Mortgage Electronic Registration Systems, Inc.,
as nominee for SouthStar Funding, LLC
1901 East Voorhees Street Suite C
Danville, IL 61834

Mortgage Electronic Registration Systems, Inc.,
as Nominee for BNC Mortgage, Inc
1901 East Voorhees Street, Suite C
Danville, IL 61834

Defendants

Case No.:

Judge:

Magistrate:

**COMPLAINT WITH NOTICE
UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT ATTACHED**

PPN: 011-04-124

## FIRST COUNT

1. Plaintiff says that it is in possession of and the holder of a certain promissory note, a copy of which is attached hereto, marked Exhibit "A", and made a part hereof; that by reason of default in the payment of the note and mortgage securing same, it has declared said debt due; and, that there is due and unpaid thereon the sum of $22,073.00, plus interest at the rate of 10.85% per annum from December 1, 2008, and late charges.

## SECOND COUNT

1. Plaintiff incorporates herein by reference all of the allegations contained in its first count, and further says that it is the holder of a certain mortgage deed, securing the payment of said promissory note, a copy of which mortgage deed, including the assignment thereof to Plaintiff, is attached hereto, marked Exhibit "B", and made a part hereof; and, that said mortgage is a valid and first lien upon the premises described in said mortgage deed.

2. Plaintiff says that the conditions of said mortgage deed have been broken, by reason of default in payment and the same has become absolute; and, that the defendants named in this complaint have or claim to have an interest in the premises described in Exhibit "B".

3. Plaintiff says that pursuant to the covenants and conditions of said mortgage deed it has and/or it may, from time to time during the pendency of this action, advance sums to pay real estate taxes, hazard insurance premiums and property protection and maintenance, which sums so advanced are a good and valid first lien upon the premises described in Exhibit "B". Plaintiff further says that it has performed all of the conditions precedent required to be performed by it.

**WHEREFORE**, Plaintiff demands judgment against the defendant, Angela P. Robinson in the sum of $22,073.00, plus interest at the rate of 10.85% per annum from December 1, 2008, and late charges; that the defendants named herein be required to answer and set up any claim that they may have in said premises or be forever barred; that the Plaintiff be found to have a first lien on said premises for this amount so owing, together with its advances made pursuant to the terms of the mortgage for real estate taxes, insurance premiums and property protection and maintenance; that the equity of redemption of all defendants be foreclosed; that upon failure to pay said amount within three (3) days thereafter, said

premises be ordered appraised, advertised and sold according to law; that from the proceeds of said sale, the Plaintiff be paid the amount so found due it; and, that Plaintiff be awarded such other and further relief as equity entitles it to receive.

/s/ *James L. Sassano*
Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.
By: James L. Sassano (0062253)
Richard J. Feuerman (0070407)
Attorneys for Plaintiff
24755 Chagrin Blvd., Suite 200
Cleveland, OH 44122-5690
216-360-7200 Phone
216-360-7210 Facsimile
cuyahogamail@carlisle-law.com

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION
PRACTICES ACT, (the Act),
15 U.S.C. Section 1692 As Amended

1.) As of January 20, 2014, the amount owed is $35,255.36. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the law firm listed below or call (216) 360-7200.

2.) NPR Capital, LLC is the Creditor to whom the debt is owed.

3.) The debt described herein will be assumed to be valid by the Creditor's law firm, unless the debtor, within (30) thirty days after the receipt of this notice, disputes, the validity of the debt or some portion thereof. Please note that notwithstanding the foregoing, you are still responsible under state law to file a response to the Complaint, to which this Notice is attached, within twenty-eight (28) days. This twenty-eight (28) day period and the thirty (30) day period mentioned above both commence the day after you receive the Complaint. If you are uncertain of your rights or obligations under this Notice or the Complaint, or if you have any questions concerning the proceedings that have been commenced by the filing of the Complaint, you should consult an Attorney of your choice.

4.) If the debtor(s) notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor(s) by the Creditor's law firm.

5.) If NPR Capital, LLC is not the original creditor, and if the debtor(s) makes a written request to the creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor(s) will be mailed to the debtor by the Creditor's law firm.

6.) Written requests should be addressed to Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A., 24755 Chagrin Boulevard, Suite 200, Cleveland, Ohio 44122. ** This law firm is attempting to collect the debt on behalf of the creditor and any information obtained will be used for that purpose.**

This loan is made entirely within the provisions of the Ohio Mortgage Loan Act, sections 1321.51 to 1321.60 of the Ohio Revised Code.

## NOTE

December 28, 2005           North Olmstead           OH
*Date*                      *City*                   *State*

**2601 Natchez Ave, Cleveland, OH 44109**
*Property Address*

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 22,400.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is **SouthStar Funding, LLC**

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of **10.850** %.
Interest will be charged for the first installment period based on elapsed time from the date of the loan to the first scheduled payment due date, and for each succeeding installment period from the scheduled due date to the next scheduled payment due date, regardless of the date or dates the payments are actually made.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ **210.79**
I will make my payments on the **1st** day of each month beginning on **February 1st**, **2006**. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on **January 1, 2036**, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at **P.O. Box 200010 Kennesaw, GEORGIA 30156-9246**
or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000** % of my overdue payment, but not less than U.S. $ **10.54** and not more than U.S. $ **10.54**. I will pay this late charge only once on any late payment.

**(B) Notice from Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its reasonable costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees if awarded by court judgment.

### 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated **December 28, 2005**, protects the Note Holder from possible losses which might result if I do not keep

"Redacted"                                                    "Redacted"

OHIO - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Page 1 of 2
-75(OH) (0208).01           VMP MORTGAGE FORMS - (800)521-7291

Initials:
Form 3936
Amended 8/98

Electronically Filed 01/23/2014 08:11 / CV 14 820633 / Confirmation Nbr. 47860 / CLMDW

*LNN1000*

the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

_Angela P Robinson_ (Seal)
Angela P Robinson    -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

"Redacted"

"Sign Original Only"
"Redacted"

-75(OH) (0208).01                  Page 2 of 2                       Form 3936

## ALLONGE TO NOTE

Note Date: December 28, 2005    Loan #: "Redacted"

Borrower Name(s): Angela P Robinson

Borrower Address: 2601 Natchez Ave
Cleveland, OH 44109

Loan Amount: $ 22,400.00

Lender Name: SouthStar Funding, LLC.

Pay to the Order of Without Recourse Residential Funding Company, LLC
1100 Virginia Drive, Fort Washington PA 19034

By: _____
SouthStar Funding, LLC.

Lynn B. Leonard
Assistant Vice President

Pay to the order of
Dreambuilder Investments, LLC
Without recourse
Residential Funding Company LLC f/k/a
Residential Funding Corporation

_____ Authorized Officer

Loan #: "Redacted"

## ALLONGE TO NOTE

Loan Amount: 22400
Note Date: 12/28/2005
Borrower Name: ANGELA P ROBINSON
Property Address: 2601 NATCHEZ AVE, CLEVELAND, OH 44109

PAY TO THE ORDER OF:

Assignee: **TRINITY FINANCIAL SERVICES, LLC**

(Without recourse)

By:

Assignor: **Dreambuilder Investments, LLC**

*[signature]*

Name: Eileen Lindblom
Title: Director

11 - Character
ROBINSON
2601 NATCHEZ AVE
CLEVELAND, OH 44109-0000
Investor ID: 359242360

Loan ID "Redacted"
Pool: DBI12002
Acct: WMDA-GIXL-DBI12002
Pool Type: WARE
Alt ID: DBI-216226

Electronically Filed 01/23/2014 08:11 / / CV 14 820633 / Confirmation Nbr. 47860 / CLMDW

## ALLONGE TO THE NOTE

LOAN #: *"Redacted"*
Previous Loan #:
Borrower: ANGELA P ROBINSON
Date of Note: 12/28/2005
Loan Amount: $22,400.00
Property Address: 2601 NATCHEZ AVE, CLEVELAND, OH 44109

NPR Capital, LLC

For value received, I hereby transfer, endorse and assign the within Note and Deed of Trust / Mortgage securing the same, so far as the same pertains to said Note.

Pay to the order of: NPR Capital, LLC

Without Recourse

### TRINITY FINANCIAL SERVICES, LLC

Signature: _____

Printed Name: Jessica Brown

Title: Vice President

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY
MORT 01/04/2006 03:33:26 PM
**200601040447**

LAWYERS TITLE INSURANCE CORP.
ORDER #
110051139A

Return To:
SouthStar Funding, LLC

400 Northridge Road, Suite
1000, Atlanta, GEORGIA
30350

# MORTGAGE   MIN 1 "Redacted"

THIS MORTGAGE is made this 28th day of December, 2005, between the Mortgagor,
Angela P Robinson, Unmarried Woman

(herein "Borrower"), whose current
mailing address is 2601 Natchez Ave, Cleveland, OHIO 44109

and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. SouthStar Funding, LLC

, ("Lender") is organized and existing under the laws of DELAWARE, and has an address of
400 Northridge Road Suite 1000 Atlanta, GEORGIA 30350

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 22,400.00,
which indebtedness is evidenced by Borrower's note dated December 28, 2005 and extensions
and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the
balance of the indebtedness, if not sooner paid, due and payable on January 01, 2036 ;
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with the interest
thereon; the payment of all other sums, with the interest thereon, advanced in accordance herewith to
protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower
herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for
Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following
described property located in the County of Cuyahoga
State of Ohio:

CUYAHOGA COUNTY RECORDER
200601040447 PAGE 1 of 7

which has the address of 2601 Natchez Ave
Cleveland [City], Ohio 44109
(herein "Property Address"); [Street] [Zip Code]

"Redacted"

OHIO - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
Form 3838
Amended 1/02

-76N(OH) (0405)
Page 1 of 6   Initials: APR
VMP Mortgage Solutions, Inc. (800)521-7291

Electronically Filed 01/23/2014 08:11 / / CV 14 820633 / Confirmation Nbr. 47860 / CLMDW

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

"Redacted"

-76N(OH) (0405)     CUYAHOGA COUNTY RECORDER     Initials: APR     Form 3836
200601040447 PAGE 2 of 7

Electronically Filed 01/23/2014 08:11 / / CV 14 820633 / Confirmation Nbr. 47860 / CLMDW

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

Redacted

Initials APR

-76N(OH) (0405)     CUYAHOGA COUNTY RECORDER     Form 3836
                    200601040447  PAGE 3 of 7

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Advances to Protect Security.** Disbursements made by Lender pursuant to paragraph 7 hereof, such as those for the payment of taxes, assessments, insurance premiums or costs incurred for the protection of the Property, shall be advances made pursuant to Section 5301.233 of the Ohio Code.



-76N(OH) (0405)   CUYAHOGA COUNTY RECORDER   Initials: APR   Form 3836
200601040447  PAGE 4 of 7

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Witnesses:

_____    _____/s/ Angela P Robinson_____ (Seal)
                              Angela P Robinson        -Borrower

_____    _____ (Seal)
                                                       -Borrower

_____ (Seal)   _____ (Seal)
                 -Borrower                    -Borrower

_____ (Seal)   _____ (Seal)
                 -Borrower                    -Borrower

_____ (Seal)   _____ (Seal)
                 -Borrower                    -Borrower

[Sign Original Only]

STATE OF OHIO,            Cuyahoga County ss:

This instrument was acknowledged before me this 28th    day of December, 2005    by Angela P Robinson

My Commission Expires: _____

                        Notary Public

This instrument was prepared by:

"Redacted"

-76N(OH) (0405)   CUYAHOGA COUNTY RECORDER     Form 3838
                  200601040447  PAGE 6 of 7

File No. "Redacted"

EXHIBIT "A"

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:

And known as being Sublot No. 49 in Jay D. Mckesson and John Schwenk Subdivision of a part of Original Brooklyn Township Lot No. 63, as shown by the recorded plat in Volume 50 of Maps, Page 40 of Cuyahoga County Records and being 40 feet front on the Southerly side of Natchez Avenue, S.W., and extending back of equal width 108 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Property Address: 2601 Natchez Avenue, Cleveland, OH 44109
Tax ID No.: 011-04-124

*APR*

Seller/Owner Affidavit

CUYAHOGA COUNTY RECORDER
200601040447 PAGE 6 of 7

## PREPAYMENT PENALTY RIDER

This Prepayment Penalty Rider ("Rider") is made this 28th day of December, 2005 by the undersigned (the "Borrower") in favor of SouthStar Funding, LLC ("Lender")

Whereas, Borrower simultaneously herewith executed and delivered a mortgage, deed of trust, or security deed (the "Security Instrument") to Lender of even date herewith; and

Whereas, Borrower and Lender wish to revise the Security Instrument to provide for a prepayment penalty.

In consideration for the granting of the loan secured by the Security Instrument, Borrower agrees as follows:

1. In addition to the covenants and agreements made in the Security Instrument, Borrower further covenants and agrees as follows:

    I/We have the right to make payments of principal at any time before they are due. The payment of principal only is known as a "prepayment". When I/We make a prepayment, I/We will tell the Note Holder in writing that I/We am/are doing so. If, within the first 36 months following the date of the Note and the Security Instrument I/We make a full prepayment or partial prepayment(s), I/We will at the same time pay to the Note Holder a prepayment charge. The prepayment charge will be equal to 1 % of any amount prepaid on the amount of any prepayment that when added to all other amounts prepaid during the twelve (12) month period preceding the date of any prepayment, exceeds twenty percent (20%) of the original principal amount of the Note.

CUYAHOGA COUNTY RECORDER
200601040447  PAGE 7 of 7

2. If a law which applies to this Rider and which sets maximum charges is finally interpreted so that the charges imposed or collected in connection with this Rider and the Related Documents exceeds the permitted limits, then any such charge shall be reduced as necessary to remain within the limits of the law. If any provision of this Rider is held to be in violation of any law, then such provision shall be given full force and effect to the fullest extent permitted by law and shall be replaced with language that is enforceable and which shall have, as closely as possible, the same meaning as the severed language, and the remainder of this Rider shall be construed as if such unenforceable provision were not contained in this Rider, and the rights and obligations of Borrower and Lender under the remainder of this Rider shall continue in full force and effect.

3. The Security Instrument is not modified except as amended by this Rider. All terms and conditions of the Security Instrument not in conflict with this Rider shall remain in full force and effect. To the extent that the provisions of this Rider are inconsistent with the provisions of the Security Instrument, the provisions of the Rider shall prevail over and shall supersede any such inconsistent provisions of the Security Instrument.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Rider.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Angela P Robinson_ (SEAL)   _____ (SEAL)
Angela P Robinson

_____ (SEAL)   _____ (SEAL)

"Redacted"                                                   [Sign Original Only]
                                                              "Redacted"

Prepayment Penalty Rider to be recorded with Security Instrument.
Prepayment Penalty Rider (Rev. 04-22-05)
PPPRider.UFF

Electronically Filed 01/23/2014 08:11 / / CV 14 820633 / Confirmation Nbr. 47860 / CLMDW

## PREPAYMENT PENALTY ADDENDUM TO NOTE

This Prepayment Penalty Addendum to Note ("Addendum") is made this 28th day of December, 2005 by the undersigned (the "Borrower") in favor of SouthStar Funding, LLC ("Lender")

Whereas, Borrower simultaneously herewith executed and delivered a promissory note ("Note") to Lender; and

Whereas, Borrower and Lender wish to revise the Note to provide for a prepayment penalty.

In consideration for the granting of the loan evidenced by the Note, Borrower agrees as follows:

1. In addition to the covenants and agreements made in the Note, Borrower further covenants and agrees that the Section in the Note titled "Borrower's Right to Prepay" or "Borrower's Payments Before They Are Due" is amended so that Borrower agrees to pay a prepayment penalty as follows:

I/We have the right to make payments of principal at any time before they are due. The payment of principal only is known as a "prepayment". When I/We make a prepayment, I/We will tell the Note Holder in writing that I/We am/are doing so. If, within the first 36 months following the date of the Note and the Security Instrument I/We make a full prepayment or partial prepayment(s), I/We will at the same time pay to the Note Holder a prepayment charge. The prepayment charge will be equal to 1 % of any amount prepaid on the amount of any prepayment that when added to all other amounts prepaid during the twelve (12) month period preceding the date of any prepayment, exceeds twenty percent (20%) of the original principal amount of the Note.

2. If a law which applies to this Addendum and which sets maximum charges is finally interpreted so that the charges imposed or collected in connection with this Addendum and the Related Documents exceeds the permitted limits, then any such charge shall be reduced as necessary to remain within the limits of the law. If any provision of this Addendum is held to be in violation of any law, then such provision shall be given full force and effect to the fullest extent permitted by law and shall be replaced with language that is enforceable and which shall have, as closely as possible, the same meaning as the severed language, and the remainder of this Addendum shall be construed as if such unenforceable provision were not contained in this Addendum, and the rights and obligations of Borrower and Lender under the remainder of this Addendum shall continue in full force and effect.

3. The Note is not modified except as amended by this Addendum. All terms and conditions of the Note not in conflict with this Addendum shall remain in full force and effect. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of the Addendum shall prevail over and supersede any such inconsistent provisions of the Note.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Addendum.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Angela P Robinson_ (SEAL)    _____ (SEAL)
Angela P Robinson

_____ (SEAL)    _____ (SEAL)

[Sign Original Only]

"Redacted"                                                    "Redacted"

Original Note Addendum to be returned with closing package.

Recording Requested By:
DREAMBUILDER INVESTMENTS, LLC

When Recorded Return To:
TARA NEWTON
Richmond Monroe Group
PO Box 458
Kimberling City, MO 65686

CUYAHOGA COUNTY
OFFICE OF FISCAL OFFICER - 2
RELA 12/17/2013 2:21:59 PM

**201312170653**

## CORPORATE ASSIGNMENT OF MORTGAGE
Cuyahoga, Ohio REFERENCE #:DBI-216226 "ROBINSON"
INVESTOR #: [Redacted]
MERS #: [Redacted] VRU #: 1-888-679-6377

Assignment Prepared on: November 26th, 2013.

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR SOUTHSTAR FUNDING, LLC ITS SUCCESSORS AND ASSIGNS at P.O. Box 2026, Flint, MI 48501-2026.
Assignee: NPR Capital, LLC at 600 West Germantown Pike Suite 400 Plymouth Meeting, PA 19462

Executed By: ANGELA P ROBINSON, UNMARRIED WOMAN To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR SOUTHSTAR FUNDING, LLC, ITS SUCCESSORS AND ASSIGNS
Date of Mortgage: 12/28/2005 Recorded: 01/04/2006 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 200601040447 In Cuyahoga County, State of Ohio.

Property Address: 2601 NATCHEZ AVE, CLEVELAND, OH 44109

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $22,400.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

IN WITNESS WHEREOF, the undersigned, by the officer duly authorized, has duly executed the foregoing instrument.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")
On 11-26-2013
By: [signature]
Tara Newton, Assistant Secretary

STATE OF MISSOURI
COUNTY OF STONE

On 11-26-13, before me, H. MCCANDLESS, a Notary Public in and for STONE in the State of MISSOURI, personally appeared Tara Newton, Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

H. MCCANDLESS
Notary Expires: 12/18/2016 #12426371

H. MCCANDLESS
Notary Public, Notary Seal
State of Missouri
Stone County
Commission # 12426371
My Commission Expires December 18, 2016

(This area for notarial seal)

Prepared By: Jessica Brown, RICHMOND MONROE GROUP, INC. PO BOX 456, KIMBERLING CITY, MO 65631 417-447-2931